## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NICKELODEON CONSUMER PRIVACY LITIGATION | C.A. 13-MD-2443 (SRC) |
| | STIPULATION AND [~~PROPOSED~~] ORDER CONSOLIDATING CASES FOR ALL PRETRIAL PURPOSES |
| This Document Relates to: **All Actions** | |

WHEREAS, on June 11, 2013, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued an order pursuant to 28 U.S.C. § 1407 transferring this multidistrict litigation ("MDL") and associated actions to this Court, finding that these actions involve common questions of fact and that centralization in this Court will eliminate duplicative discovery, prevent inconsistent pretrial rulings, including with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary;

WHEREAS, pursuant to the rules of the JPML, any additional actions related to this MDL that are considered "tag-along" actions will be transferred to this Court by the JPML;

WHEREAS, the 6 actions listed in Attachment A hereto are presently pending before this Court as part of this MDL or as actions that originated in this District and are putative nationwide class actions against defendants Viacom Inc. ("Viacom") and Google Inc. ("Google"), that include, among others, allegations that the defendants violated the online privacy rights of persons under the age of 13 who visited certain Viacom websites, including Nick.com, Nickjr.com, and, with respect to certain Plaintiffs, Neopets.com;

WHEREAS, the actions listed in Attachment A arise out of the same transactions and occurrences and involve the same or substantially similar issues of law and fact, and, therefore,

Case 2:13-cv-03729-SRC-CLW Document 14 Filed 09/09/13 Page 2 of 9 PageID: 67
Case 2:12-cv-07829-SRC-CLW Document 24 Filed 09/09/13 Page 2 of 9 PageID: 121
Case 2:12-cv-07829-SRC-CLW Document 23 Filed 09/07/13 Page 2 of 9 PageID: 112

are related within the meaning of Civil L.R. 40.1(c) and should be consolidated for all pretrial purposes under Federal Rule of Civil Procedure 42(a);

WHEREAS, defendants take no position as to the appointment of Lead Counsel;

THEREFORE, IT IS STIPULATED AND AGREED by plaintiffs and defendants, through their respective counsel of record, subject to approval by the Court, as follows:

1. The actions listed in Attachment A are hereby consolidated into Civil Action No. 13-MD-2443 (SRC) for all pretrial purposes.

2. All related actions that are now pending, subsequently filed in, or transferred to, this District shall be consolidated into this action for all pretrial purposes. All actions that have been or will be transferred to this Court by the JPML as tag-along actions to MDL No. 2443 shall be consolidated into this action for all pretrial purposes. This Order shall apply to every such consolidated action, absent further order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within ten (10) days after the date on which a copy of the Order is mailed to the party's counsel.

3. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, as permitted by law or otherwise for good cause shown.

4. The docket in Civil Action No. 13-MD-2443 (SRC) shall constitute the Master Docket for this action.

5. The caption of these consolidated actions shall be "In Re Nickelodeon Consumer Privacy Litigation" and every pleading filed in the consolidated actions, or in any separate action included herein, shall bear the same caption as this Order.

Case 2:13-cv-03729-SRC-CLW   Document 24   Filed 09/09/13   Page 3 of 9 PageID: 122
Case 2:13-cv-03729-SRC-CLW   Document 14   Filed 09/09/13   Page 3 of 9 PageID: 68
Case 2:12-cv-07829-SRC-CLW   Document 23   Filed 09/07/13   Page 3 of 9 PageID: 113

6.  The file in Civil Action No. 13-MD-2443 (SRC) shall constitute a Master File for every action in the consolidated action. When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption. When a pleading is intended to be applicable to only some, but not all, of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the abbreviated case name of said action shall appear immediately after the words "This Document Relates To:" in the caption.

7.  A Master Docket and a Master File hereby are established for the above consolidated proceedings and for all other related cases filed in or transferred to this Court. Separate dockets shall continue to be maintained for each of the individual actions hereby consolidated, and entries shall be made in the docket of each individual case in accordance with the regular procedures of the clerk of this Court, except as modified by this Order.

8.  When a pleading is filed and the caption shows that it is applicable to "All Actions," the clerk shall file such pleading in the Master File and note such filing on the Master Docket. No further copies need be filed, and no other docket entries need be made.

9.  When a pleading is filed and the caption shows that it is to be applicable to fewer than all of the consolidated actions, the clerk will file such pleading in the Master File only but shall docket such filing on the Master Docket and the docket of each applicable action.

10. When a case that properly belongs as part of this consolidated action is filed in this District or transferred to this District by another court or by the JPML and assigned to this Court, the clerk of this Court shall:

   a. Place a copy of this Order in the separate file for such action;

Case 2:13-cv-03729-SRC-CLW Document 14 Filed 09/09/13 Page 4 of 9 PageID: 69
Case 2:12-cv-07829-SRC-CLW Document 24 Filed 09/09/13 Page 4 of 9 PageID: 123
Case 2:12-cv-07829-SRC-CLW Document 23 Filed 09/07/13 Page 4 of 9 PageID: 114

  b. Mail to the attorneys for the plaintiff(s) in the newly-filed or transferred case a copy of this Order;

  c. Direct that this Order be served upon or mailed to any new defendant(s) or their counsel in the newly-filed or transferred case; and

  d. Make an appropriate entry on the Master Docket.

11. This Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case that properly might be consolidated as part of this consolidated action.

12. In anticipation of this stipulation, Plaintiffs have filed a joint proposal for the Court's appointment of Lead Counsel, with a specified organizational structure, in the consolidated actions. Lead Counsel shall have authority to speak for all plaintiffs in the consolidated actions in matters regarding pretrial and trial procedure and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

13. Lead Counsel shall be responsible for coordination of all activities and appearances on behalf of all plaintiffs and for the dissemination of notices and orders of this Court, including communication with and representation of all pro se plaintiffs whose actions have been consolidated. No motion, request for discovery or other pretrial proceedings shall be initiated or filed by any plaintiff except through Lead Counsel.

14. Lead Counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

Case 2:13-cv-03729-SRC-CLW Document 14 Filed 09/09/13 Page 5 of 9 PageID: 70
Case 2:12-cv-07829-SRC-CLW Document 24 Filed 09/09/13 Page 5 of 9 PageID: 124
Case 2:12-cv-07829-SRC-CLW Document 23 Filed 09/07/13 Page 5 of 9 PageID: 115

15. Defendants' counsel may rely upon all agreements made with Lead Counsel, or other duly authorized representatives of all plaintiffs in the consolidated actions, and such agreements shall be binding on all plaintiffs.

16. Within thirty (30) days of entry of this Order, Lead Counsel shall file and serve a single Consolidated Amended Complaint that will supersede all existing complaints filed in the consolidated actions and any action subsequently consolidated with this action. Defendants need only respond to the Consolidated Amended Complaint and any amendments thereto and need not respond to any other complaint filed in any action consolidated by this Order.

17. Defendants shall file any motions to dismiss the Consolidated Amended Complaint within 45 days after Plaintiffs file their Consolidated Amended Complaint. Plaintiffs shall have 45 days thereafter to file their opposition. Defendants shall file replies within 30 days thereafter. Pursuant to Local Civil Rule 78.1(b), oral argument shall be held on any motions to dismiss if (1) a party requests oral argument and the request is granted by the Court; or (2) the Court, sua sponte, directs that oral argument be held. After adjudication of the motions to dismiss, if necessary, the Court shall conduct a further status conference to set further dates.

IT IS SO STIPULATED.

Dated: September 2, 2013

Case 2:12-cv-07829-SRC-CLW Document 24 Filed 09/09/13 Page 6 of 9 PageID: 125
Case 2:13-cv-03729-SRC-CLW Document 14 Filed 09/09/13 Page 6 of 9 PageID: 71
Case 2:12-cv-07829-SRC-CLW Document 23 Filed 09/07/13 Page 6 of 9 PageID: 116

/s/ Barry R. Eichen
Barry R. Eichen
Daryl L. Zaslow
Eichen Crutchlow Zaslow & McElroy LLP
40 Ethel Road
Edison, NJ 08817
732-777-0100
beichen@njadvocates.com;
dzaslow@njadvocates.com

*Counsel for Plaintiffs CAF, CTF, MP and TP*

/s/ Khaldoun A. Baghdadi
Khaldoun A. Baghdadi
Michael A. Kelly
650 California Street
San Francisco, CA 94108
415-981-7210
kbaghdadi@walkuplawoffice.com;
mkelly@walkuplawoffice.com

*Counsel for Plaintiff L.G.*

/s/ Thomas Rosenfeld
Thomas Rosenfeld
Goldenberg, Heller, Antognoli & Rowland, P.C.
2227 South State Route 157
Edwardsville, IL 62025
618-656-5150
tom@ghalaw.com

*Counsel for Plaintiff T.M.*

/s/ Adam Voyles
Adam Voyles
Lubel Voyles LLP
5200 Montrose Blvd. Suite 800
Houston, TX 77086
713-284-5200
adam@lubelvoyles.com

*Counsel for Plaintiff Stephanie Fryar*

/s/ James P. Frickleton
Edward D. Robertson III
James P. Frickleton
Bartimus, Frickleton, Robertson & Gorny P.C.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
913-266-2300
krobertson@bflawfirm.com;
jimf@bflawfirm.com

Edward D. Robertson Jr.
Mary D. Winter
Bartimus, Frickleton, Robertson & Gorny P.C.
715 Swifts Highway
Jefferson City, MO 65109
573-659-4454
chiprob@bflawfirm.com;
mwinter@bflawfirm.com

Jay Barnes
Barnes & Associates
219 East Dunklin Street
Jefferson City, MO 65101
573-634-8884
jaybarnes5@zoho.com

Andrew Lyskowski
380 West U.S. Highway 54, Suite 201
Camdenton, MO 65020
573-346-2111

*Counsel for Plaintiff N.J.*

/s/ Douglas Campbell
Douglas Campbell
Frederick Rapone
Campbell & Levine LLC
1700 Grant Building
Pittsburgh, PA 15219
412-261-0310
dac@camley.com

*Counsel for Plaintiff K.T.*

6

Case 2:12-cv-07829-SRC-CLW   Document 24   Filed 09/09/13   Page 7 of 9 PageID: 126
Case 2:13-cv-03729-SRC-CLW   Document 14   Filed 09/09/13   Page 7 of 9 PageID: 72
Case 2:12-cv-07829-SRC-CLW   Document 23   Filed 09/07/13   Page 7 of 9 PageID: 117

/s/ Joshua N. Howley
Jeffrey J. Greenbaum
(jgreenbaum@sillscummis.com)
Joshua N. Howley
(jhowley@sillscummis.com)
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102
Telephone: 973.643.5430
Facsimile: 973.643.6500

Colleen Bal
(cbal@wsgr.com)
Michael H. Rubin
(mrubin@wsgr.com)
1 Market Street
Spear Street Tower, Suite 3300
San Francisco, CA 94105
Telephone: 415.947.2000
Facsimile: 415.947.2099

*Counsel for Defendant Google Inc.*

/s/ Stephen M. Orlofsky
Stephen M. Orlofsky
(Orlofsky@blankrome.com)
New Jersey Resident Partner
Blank Rome LLP
301 Carnegie Center, Third Floor
Princeton, NJ 08540
Telephone: (609) 750-7700

Gail E. Lees
(GLees@gibsondunn.com)
S. Ashlie Beringer
(ABeringer@gibsondunn.com)
Joshua A. (JJessen@gibsondunn.com)
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Counsel for Defendant Viacom Inc.*

Case 2:12-cv-07829-SRC-CLW   Document 24   Filed 09/09/13   Page 8 of 9 PageID: 127
Case 2:13-cv-03729-SRC-CLW   Document 14   Filed 09/09/13   Page 8 of 9 PageID: 73
Case 2:12-cv-07829-SRC-CLW   Document 23   Filed 09/07/13   Page 8 of 9 PageID: 118

**SO ORDERED** on this _7_ day of _____, 2013.

Hon. Stanley R. Chesler

Case 2:12-cv-07829-SRC-CLW Document 24 Filed 09/09/13 Page 9 of 9 PageID: 128
Case 2:13-cv-03729-SRC-CLW Document 14 Filed 09/09/13 Page 9 of 9 PageID: 74
Case 2:12-cv-07829-SRC-CLW Document 23 Filed 09/07/13 Page 9 of 9 PageID: 119

## ATTACHMENT A

CAF and CTF, *et al.* v. Viacom Inc., *et al.*, C.A. No. 2:12-07829

Fryar v. Viacom Inc., *et al.*, C.A. No. 2:13-03755

K.T. v. Viacom Inc., *et al.*, C.A. No. 2:13-03729

L.G. v. Viacom Inc., *et al.*, C.A. No. 2:13-03757

N.J. v. Viacom Inc., *et al.*, C.A. No. 2:13-03731

T.M., *et al.* v. Viacom Inc., *et al.*, C.A. No. 2:13-03756